Battle, J.
 

 The plea of payment being a plea by way of confession and avoidance, the burden of the proof, in support of it, was upon the defendant. He, accordingly, for the pur
 
 *32
 
 pose of showing that the judgment in question had been paid, introduced the receipt of one Buchanan, who was the sheriff to whom a writ of
 
 fieri facias
 
 would have- been properly di3-ected'. A payment to him, however, availed nothing, unless at the time when he received the money, ho was authorised to-do so by virtue of a-
 
 fieri facias,
 
 commanding him to levy it;
 
 State
 
 v. Long, 8 Ired. 415 ;
 
 Ellis
 
 v. Long; Ibid. 513 ;
 
 Mills
 
 v. Allen, 7 Jones, 564. The question, then, ivas narrowed down to the jioint, whether the i-eceipt afforded any evidence that the sheriff had the- writ of execution in his hands when the money was paid to him. We agree with his Honor in the Court below, that it did not.. It does not purport that the amount paid was in satisfaction of an-, execution, but that Ise, the sheriff, received it “ to be applied' to-thepay.ment of a judgment,” &c. These terms exclude the idea that lie then had any execution in his hands, and shows that, the defendant had failed to offer any testimony which the Court could, submit to tire jury, as tending to support his plea.
 

 The testimony introduced by the plaintiff Being only of a rebutting character,, it is,, of course, unnecessary to notice it in an enquiry, whether any evidence had been offered by the defendant in support of an issue, the affirmative of which, he was bound to sustain. For, if he had offered any such testimony, the jury mast necessarily have been called upon-to- decide between it and the opposing testimony offthe plaintiff.
 

 Per Curiam,
 

 Judgment affirmed.